IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| VALENCIA FAY BROWN, | ) | Case No. 16-04909-TOM-13 |
| | ) | |
| Debtor. | ) | |
| _____ | | |
| VALENCIA FAY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | A.P. No. 17-00050-TOM |
| vs. | ) | |
| | ) | |
| WILLIAMSON AND BROWN, LLC; | ) | |
| and ALEXANDER R. ARCESE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding is before the Court on the Motion for Default Judgment (hereinafter "Motion") (Doc. 12) filed by Valencia Fay Brown (hereinafter "Debtor"). A hearing was held on August 14, 2017, for a pretrial on the Plaintiff's First Amended Complaint Seeking Damages in a Core Adversary Proceeding (hereinafter "Amended Complaint"). Appearing at the hearing were Bradford W. Botes, attorney for the Debtor, and Mary Frances Fallaw, staff attorney for the Chapter 13 Trustee. Thereafter, on September 25, 2017, the Debtor filed two Applications for Entry of Default (hereinafter "Applications") and a Motion for Default Judgment. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order of Reference Dated July 16, 1984, as Amended July 17, 1984.[1] This is a core proceeding

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

1

arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (B), and (O).[2] The Motion seeks the entry of a default judgment against Williamson and Brown, LLC, and Alexander Arcese, individually, the claim signatory, (hereinafter the "Defendants") because more than thirty days have passed since the Defendants were served with the Summons and Complaint and neither of the Defendants has responded.

The Amended Complaint (Doc. 4) seeks actual and punitive damages against the Defendants and alleges two claims for relief. The first claim is for violation of the discharge injunction pursuant to 11 U.S.C. § 524. The second claim is for filing a false proof of claim. The Debtor asserts she is not seeking damages for any alleged violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), but it does appear she is relying on the FDCPA, at least in part, as a basis for her damages claim.

This Court has considered the pleadings and the applicable and binding case law, and finds and concludes as follows.[3]

---

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. § 157(b)(2)(A) provides as follows:
    (b)(2) Core proceedings include, but are not limited to–
….
  (A) matters concerning the administration of the estate;
  (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
….
  (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims[.]

[3] This Memorandum Opinion and Order constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

2

## I. Findings of Fact[4]

Both claims stem from the fact the Debtor had a prior Chapter 13 case in the Northern District of Alabama, Case No. 13-03122-TOM-13, filed on July 10, 2013. In that prior case, the Debtor listed CashCall, Inc., as an unsecured creditor on Schedule F of her petition with a debt owed in the amount of $18,328.00. Schedule F also listed Monterey Collection Services as a collector for CashCall, Inc. Monterey Collection Services filed proof of claim number 6 in the amount of $18,567.74. The Debtor objected to the proof of claim because the claim was barred by the statute of limitations. This Court sustained the Debtor's objection, and the proof of claim was disallowed.[5] The Debtor completed her Chapter 13 case, and she received a standard discharge on April 18, 2016.

The Debtor filed another Chapter 13 case, her current case, in the Northern District of Alabama, Case No. 16-04909-TOM-13, on November 28, 2016. The Debtor did not list CashCall, Inc., as a creditor because she believed the debt was discharged in her prior Chapter 13 case. On April 4, 2017, proof of claim number 8 was filed in the name of Cash Call by the Defendants in the amount of $2,600.00.[6] It is proof of claim number 8 that prompted the filing of this adversary proceeding. The Amended Complaint states the proof of claim was not filed at the direction of

---

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[5] No funds were paid to CashCall, Inc., by the Chapter 13 Trustee in Case No. 13-03122-TOM-13.

[6] A Withdrawal of Claim was filed by Defendants on June 2, 2017. The Debtor filed A Motion to Strike Withdrawal of Claim Filed by Cash Call on June 6, 2017, and this Court entered an Order Granting Motion to Strike on June 26, 2017. No funds have been paid on Claim number 8 by the Chapter 13 Trustee in Case No. 16-04909-TOM-13. The Objection to Claim is still pending and the Court will enter a separate Order on that Objection.

CashCall, Inc., and the Debtor dismissed CashCall, Inc., from the suit by filing a Notice of Dismissal on October 4, 2017.

In the Amended Complaint, the Debtor's prayer for relief seeks the following:

- actual damages;
- punitive damages;
- legal fees and expenses;
- "the Defendants be required to refund all funds received to date from the debtor or from the Trustee";
- "the underlying alleged debt to the Defendants is forever canceled and discharged and the Defendants be ordered to deliver to the debtor a proper release form";
- "the Proof of Claim filed by the Defendants be stricken, with prejudice"; and
- " the Plaintiff shall have such other and further relief as the Court may deem just and proper".

The Debtor filed the Motion (Doc. 12) and Applications (Doc. 10 and Doc. 11) on September 25, 2017, and a Clerk's Entry of Default against each Defendant (Doc. 14 and Doc. 15) was entered on October 16, 2017. The Court entered an Order on October 16, 2017, requiring a brief in support of the Motion to be filed no later than October 31, 2017. The Court required the brief because it was not clear to this Court 1) that the Defendants had any liability based on current binding case law, 2) that the Debtor was entitled to an award of damages on her underlying claims, and 3) what possible damages the Debtor might assert. The Debtor timely filed a brief in support of the Motion on October 31, 2017 (hereinafter "Debtor's brief").

## II. Conclusions of Law

### A. Violation of the Discharge Injunction

The first claim in the Amended Complaint is for the violation of the discharge injunction pursuant to 11 U.S.C. § 524. Section 524(a)(2) provides:

> (a) A discharge in a case under this title—
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any

4

such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(2).

The Debtor's brief cites *Green Point Credit, LLC v. McLean (In re McLean),* 794 F.3d 1313, 1319 (11th Cir. 2015), where the Court held that "§ 524(a)(2) prohibits filing a proof of claim for a discharged debt where the objective effect of the claim is to pressure the debtor to repay the debt." However, the Debtor fails to address the fact that the Eleventh Circuit Court in *McLean* directed what the proper procedure for addressing a discharged claim being filed in a second bankruptcy case. The court stated:

> [T]he form of the instant action was improper and should be modified on remand. "In bankruptcy, adversary proceedings generally are viewed as stand-alone lawsuits," *Dzikowski v. Boomer's Sports & Recreation Ctr. (In re Boca Arena, Inc.),* 184 F.3d 1285, 1286 (11th Cir. 1999) (internal quotation marks omitted), and they "incorporate much of the Federal Rules of Civil Procedure." *Fisher Island Invs.,* 778 F.3d at 1194. The Federal Rules of Bankruptcy Procedure list ten different types of adversary proceedings, none of which is an action to enforce the discharge injunction. *See* Fed.R.Bankr.P. 7001. A contested matter, conversely, is any litigation resolving an "actual dispute, other than an adversary proceeding, before the bankruptcy court." Fed.R.Bankr.P. 9014 advisory committee's note. Indeed, Federal Rule of Bankruptcy Procedure 9020 specifically provides that "a motion for an order of contempt" is governed by Rule 9014, which relates to contested matters. Thus, "[g]enerally speaking, civil contempt sanctions for the violation of the discharge injunction must be sought by contested matter rather than an adversary proceeding." *Chionis v. Starkus (In re Chionis),* No. CC–12–1501, 2013 WL 6840485, at *4 (B.A.P. 9th Cir. Dec. 27, 2013); *see Barrientos v. Wells Fargo Bank, N.A.,* 633 F.3d 1186, 1190 (9th Cir. 2011) (contempt proceedings are always contested matters).

*Id.* at 1326.

The Court's concern in *McLean* was not jurisdictional, but rather based on the rights of the parties. The Court found:

> "[C]ontested matters are subject to less elaborate procedures specified in Rule 9014." *Fisher Island Invs.,* 778 F.3d at 1194. Further, "[a] finding of civil contempt must be based on clear and convincing evidence that a court order was violated"

5

rather than the preponderance-of-the-evidence standard typically employed in civil actions. *Jove,* 92 F.3d at 1545 (internal quotation marks omitted).

*Id.* (alterations in original).

Based on the Eleventh Circuit Court's ruling in *McLean,* this Court finds the Debtor should have filed a motion for an order of contempt and not an adversary proceeding. Further, based on the language in *McLean,* the Court will "convert" and treat Debtor's first claim for violation of the discharge injunction as a motion for an order of contempt. The motion for an order of contempt will be set for hearing for the Debtor to prove by clear and convincing evidence what damages she may have sustained from claim number 8 having been filed by the Defendants.

### B. Filing a False Proof of Claim

The second claim in the Amended Complaint is for filing a false proof of claim. The Debtor's brief asks this Court to use its authority pursuant to 11 U.S.C. § 105(a) to find the Defendants in contempt. Section 105(a) provides:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

The Debtor cites bankruptcy case, *Watson v. Stonewall Mem'l Hosp. Co. (In re Watson),* BK No. 10-1292, AP No. 10-109, 2010 WL 4496837 (N.D. W. Va. Nov. 1, 2010), where the Debtor contended that the hospital filed a false or fraudulent proof of claim for less than the amount owed, so the Debtor would be required to conduct the means test under 11 U.S.C § 707(b) and

6

Case 16-04909-TOM13    Doc 41    Filed 12/15/17    Entered 12/15/17 09:40:02    Desc Main
Document      Page 6 of 10

would not exceed the debt limits to qualify for a Chapter 13 case under § 109(e). The West Virginia bankruptcy court found the creditor was abusing the process and denied the hospital's motion to dismiss for failure to state a claim.[7] The Court held:

> When a creditor files a false or fraudulent proof of claim, that filing contravenes the purpose of a specific bankruptcy statute and rule. Namely, under 11 U.S.C. § 501, a creditor is allowed to file a proof of claim, and under § 502(a), the mere filing of a proof of claim means that it is deemed allowed. Under Fed.R. Bankr.P. 3001(f), a proof of claim filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. When a creditor files a false or fraudulent proof of claim, which is deemed allowed by § 502(a), and entitled to prima facie presumption of validity and amount by Rule 3001(f), the creditor is abusing the bankruptcy process. *E.g., Campbell v. Countrywide Home Loans, Inc.,* 545 F.3d 348, 356 n. 1 (5th Cir. 2008) (noting that a bankruptcy court may use § 105 to impose sanctions on parties that abuse the procedural mechanism related to the filing of a proof of claim) . . . .

*Watson,* 2010 WL 4496837, at *3.

While the Debtor relies on this opinion, the court did not reach or rely upon its authority under § 105(a) to sanction the hospital. Further, the court in *Watson* explained why other bankruptcy courts had chosen not to use § 105(a) to impose sanctions. The court stated:

> Some courts have refused to recognize a cause of action on behalf of a debtor for a creditor's filing of an allegedly false or fraudulent proof of claim. *E.g., Holloway v. Houshold Automotive Finance Corp.,* 227 B.R. 501, 506–07 (N.D. Ill. 1998) ("[T]o imply a private right of action under § 105(a) would undermine and be inconsistent with the underlying legislative scheme imposed by the Bankruptcy Code. Congress specifically enacted § 1330(a) to remedy confirmation orders procured by fraud, and implying a private remedy for fraud would be inconsistent with this purpose. For these reasons we conclude that Congress never intended § 105(a) to serve as a private remedy against fraudulent proofs of claim and that Plaintiff is not entitled to any remedy under that provision."); *Smith v. Oak Grove Utility Co., LLC (In re Smith),* No. 08–137, 2009 Bankr. LEXIS 78, 2009 WL 115293 (Bankr. D. Md. Jan. 16, 2009) (holding that nothing in §§ 105(a) or 501 of the Bankruptcy Code supported the debtor's claim against the creditor for filing a false or fraudulent proof of claim) . . . .

*Id.* at *3.

---

[7] The Debtor converted from Chapter 7 to Chapter 13 and an agreed order was entered where the parties agreed there would be no benefit derived from prosecuting the adversary proceeding.

7

Case 16-04909-TOM13    Doc 41    Filed 12/15/17    Entered 12/15/17 09:40:02    Desc Main
Document    Page 7 of 10

The Court also explained:

> Some courts have refused to recognize a right of action by a debtor under § 105(a) against a creditor for the creditor's alleged filing of a false or fraudulent proof of claim on the grounds that Fed.R.Bankr.P. 9011 would provide the debtor with a remedy for such an alleged abuse. *E.g., Smith,* 2009 Bankr. LEXIS 78 at * 13, 2009 WL 115293 ("The proper procedure for a debtor to follow upon filing of a proof of claim that the debtor believes to be 'false and fraudulent' is to send the 21–day notice under Fed.R.Bankr.P. 9011(c)(1)(A), and then seek sanctions if it is not withdrawn."); Bruce H. White & Maria H. Belfield, *Remedies Available to a Party Injured by a Fraudulent or False Proof of Claim,* 17–3 A.B.I.J. 43 (April 1998) (stating that no private right of action exists under 18 U.S.C. § 152, and then discussing the applicability of Rule 9011 in remedying an allegedly false or fraudulent proof of claim).

*Id.* at *4.

In the present case and based on the Debtor's arguments and the facts before the Court, the Court is unwilling to find that there is a private right of action for the Debtor for the alleged wrongful conduct. The Debtor's brief states that the filing of a false proof of claim is a crime pursuant to 18 U.S.C. § 152(4). One bankruptcy court in the Southern District of Alabama has already addressed this issue in *In re Long,* 564 B.R. 750 (Bankr. S.D. Ala. 2017), and this Court finds that case to be well-reasoned and the most persuasive. In the *Long* case, a co-guarantor, Gaddy, argued that a creditor, SEPH, committed a fraud or misrepresentation by filing a claim in the Debtor's bankruptcy case when the creditor had dismissed with prejudice all claims against the Debtor in a state court action. The bankruptcy court in *Long* held:

> The consequences of filing a false claim in bankruptcy are criminal, and by citing to 18 U.S.C. § 152(4) in his Reply Brief, Gaddy implies SEPH's actions are criminal. (Doc. 92 at 5). Section 152(4) states in short that a person who knowingly and fraudulently presents any false claim against the estate of a debtor shall be fined, imprisoned or both. However, there is no private right of action under Section 152(4), and even if this Court accepted Gaddy's argument that this Court could use its § 105 powers to create one, this Court finds no grounds to do so.
> Because this Court is not the appropriate venue within which to bring a charge under § 152(4), this Court will leave unaddressed the criminality of SEPH's alleged behavior.

8

Case 16-04909-TOM13    Doc 41    Filed 12/15/17    Entered 12/15/17 09:40:02    Desc Main
Document      Page 8 of 10

*Id.* at 758.

This Court agrees with Judge Oldshue's holding that the bankruptcy court is not the proper venue for bringing a charge under Title 18. Consequently, this Court will not address the alleged criminality of the Defendants' behavior.

Additionally, this Court has consistently refrained from using its authority under § 105(a) when there is an alternative remedy. For example, when the movants filed a Motion to Reopen the Debtor's Chapter 11 case, this Court held:

> Although the Court may, under Section 105(a), "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code, 11 U.S.C. § 105(a), the bankruptcy courts must practice these equitable powers within the confines of the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 108 S. Ct. 963, 99 L. Ed. 2d 169 (1988); *749 Johnson v. First National Bank of Montevideo, Minn.,* 719 F.2d 270 (8th Cir. 1983) *cert. denied,* 465 U.S. 1012, 104 S. Ct. 1015, 79 L. Ed. 2d 245 (1984); *In re Texas Consumer Finance Corp.,* 480 F.2d 1261 (5th Cir. 1973). The bankruptcy courts may not use their equitable powers if to do so would strip another Code provision of its meaning, *In re Plaza de Diego Shopping Center, Inc.,* 911 F.2d 820 (1st Cir. 1990); *In re Minor,* 115 B.R. 690 (D. Colo. 1990); *Lerch v. Federal Land Bank,* 94 B.R. 998 (N.D. Ill. 1989), or as one court has more eloquently said, Section 105(a) does not necessarily "constitute a roving commission to do equity." *United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir. 1986).

*In re Woodhaven, LTD,* 139 B.R. 745 (Bankr. N.D. Ala. 1992). One alternative remedy in this case, which is the usual practice in this Court, is filing an objection to the claim.[8] As already noted, in appropriate cases with certain facts, there are also remedies available under Federal Rule of Bankruptcy Procedure 9011. Based on the alternative remedies available, this Court finds no grounds to use its equitable powers under § 105(a).

---

[8] Exhibit "D" attached to Debtor's brief (Doc. 20) is an example of an Objection to Claim filed by different counsel in another case where the Defendants filed a similar claim. The process was simple and the ultimate goal was reached - the proof of claim was disallowed.

## III. CONCLUSION

This Court has carefully considered the Amended Complaint, the Debtor's brief, the filings, and arguments of counsel. The Court finds the Defendants did file a claim for a discharged debt in the Debtor's current bankruptcy case. Based on the Eleventh Circuit Court's holding in *McLean,* the first claim in the First Amended Complaint for violation of the discharge injunction shall be treated as a motion for contempt. A hearing will be set on the motion for contempt and the Debtor will have the opportunity to prove by clear and convincing evidence the damages she has suffered as a result of the claim being filed.

This Court has also carefully considered the claim for filing a false proof of claim. This Court finds that in this case there is no private right of action, and that this Court is not the proper venue for a criminal action against the Defendants. Further, this Court will not use its authority under § 105(a) to sanction the Defendants because it is unnecessary to do so. There are alternative remedies available to the Debtor. Therefore, the Debtor's claim for filing a false proof of claim is due to be denied.

It is therefore, **ORDERED, ADJUDGED,** and **DECREED** that claim one of the Amended Complaint for violation of the discharge injunction is considered a motion for contempt and shall be set for hearing.

It is further **ORDERED, ADJUDGED,** and **DECREED** that the relief requested in claim two of the Amended Complaint for filing a false proof of claim is **DENIED**.

**Dated: December 15, 2017**　　　　　　　　　　　　　　/s/ Tamara O. Mitchell
　　　　　　　　　　　　　　　　　　　　　　　　　　**TAMARA O. MITCHELL**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**

　　TOM/jli